September 15, 2025

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
6046 N Belt Line Rd Suite 114
Irving, TX 75038

 **U.S. Citizenship
and Immigration
Services**



IOE9227542755

AMAN KUMAR
22 COMMONWEALTH TER APT 1
BOSTON, MA 02135-7502

RE: I-765, Application for Employment Authorization

## NOTICE OF INTENT TO DENY

This notice refers to your Form I-765, Application for Employment Authorization, filed on May 14, 2025, in which you are requesting employment authorization pursuant to Title 8, Code of Federal Regulations (8 CFR) 274a.12 (c)(3)(B). Upon review, USCIS intends to deny your application.

If an applicant is required to demonstrate economic necessity, the applicant must provide information regarding their assets, income, and expenses.

Additionally, 8 CFR § 274a.13(a)(1) states that "[t]he approval of applications filed under 8 CFR § 274a.12(c), except for 8 CFR § 274a.12(c)(8), are within the discretion of USCIS." The reviewing officer may exercise favorable adjudicative discretion to approve the discretionary employment authorization requests when the requestor has demonstrated that there are either no negative factors impacting favorable adjudication, or the positive factors outweigh the negative factors.

Following a review of the record, USCIS intends to deny your application in the exercise of discretion.

USCIS records reflect that you had a law enforcement encounter on or around November 12, 2024.

USCIS has determined that you have not met your burden of proof to demonstrate that you merit, as a matter of discretion, approval of your Form I-765 and therefore, USCIS intends to deny your application.

Therefore, please provide:

## 1.  CERTIFIED JUDGEMENT AND CONVICTION DOCUMENTS

You must provide certified disposition documents from the court(s) for all of your criminal arrests or charges. If you are unable to provide such records, you must provide information about your arrest and evidence demonstrating that such records are unavailable under the law of the particular jurisdiction. The disposition of each arrest or charge must be specifically identified (not just numeric citations or codes).

The disposition documents must address the following:

    A.   The final disposition pertaining to each arrest or charge (e.g., your sentence, probation,

dismissal, etc.).

B.  If you are unable to provide such records because your case was expunged or sealed, you must provide information about your arrest and evidence demonstrating that such records are unavailable under the law of the particular jurisdiction.

C.  If court proceedings are currently pending, provide a copy of the charging document filed with the court and information on your next scheduled hearing.

D.  If you were entered into a deferred prosecution, pretrial diversion, or rehabilitative program, evidence of participation in and completion of such program is required.

In addition to the required final court dispositions, submit the arrest report for each arrest.  Arrest reports are prepared by the arresting officer and give a detailed narrative description of the activities that resulted in the arrest and charges.  These can be obtained by contacting the police department that actually performed the arrest and indicating the date of arrest and the name given to the arresting officer at the time of the arrest.  If the arresting agency does not have the arrest report, the applicant must obtain a certification of non-existence on that arresting agency's letterhead.

If you were convicted, you must submit a copy of the pertinent statute, sentencing guide, or statement from the court clerk or police department identifying the statute under which you were convicted and the sentence you received.

## 2.  MITIGATING FACTORS

Please submit a letter of explanation, along with any supporting evidence, to show what, if any, mitigating factors exist, that would warrant a favorable exercise of discretion in the adjudication of your application.

A final decision will not be made for thirty-three (33) days.  During that time you may submit evidence to overcome the noted reasons for denial.  In accordance with Title 8 Code of Federal Regulations 103.2(b)(8)(iv), an extension of time to respond to this notice cannot be granted.  If a response is not received on or before October 15, 2025, a final decision will be made based on the evidence currently in the record.

**PLACE THE ATTACHED COVERSHEET AND THIS ENTIRE LETTER ON TOP OF YOUR RESPONSE.**

Sincerely,

John M. Allen
SCOPS Deputy Associate Director of Adjudications