Angela Alvero (SBN 864404)
Angela@LegalAllen.com
Law Offices of Wilfredo O. Allen
2250 S.W. 3rd Ave., Ste. 301
Miami, FL  33129
Telephone: (305) 854-5955

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHSETTS
EASTERN DIVISION

AMAN KUMAR,                                         CASE NO.:  1:26−CV−10470−JEK


Plaintiff,

v.

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES; JOSEPH B. EDLOW, Director,
U.S. Citizenship and Immigration Services,
acting in his official capacity; DEPARTMENT
OF HOMELAND SECURITY; KRISTI NOEM,
Secretary of the United States Department of
Homeland Security, acting in her official
capacity,

Defendants.
_____/

### MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION; SUPPORTING LEGAL MEMORANDUM

AMAN KUMAR, ("Petitioner") respectfully moves this Court for a Temporary Restraining Order ("TRO") requiring that Defendants adjudicate his pending application for Optional Practical Training (Form I-765), and as grounds therefore, states as follow:

1. Plaintiff AMAN KUMAR ("Plaintiff") is a citizen and native of India.

2. Following the completion of Plaintiff's Bachelor of Arts Degree in Computer Applications and Political Science in May 2023 at Atma Ram Sanatan Dharma College, University of Delhi in India, Plaintiff obtained a student visa enabling him to come to the United

States.  He attended Boston University Questrom School of Business in Boston, Massachusetts and obtained a Master of Science Degree in Management on May 18, 2025.

3. On May 14, 2025, Plaintiff filed an I-765 requesting Employment Authorization/Optional Practical Training pursuant to Title 8, Code of Federal Regulations (8 CFR) 274a.12 (c)(3)(B). Bank of America extended an offer to Plaintiff as a Relationship Banker. After receiving the final extension of time to accept this offer, it is currently set to expire on March 16, 2026.

4. On September 15, 2025, Plaintiff was notified that "[u]pon review, USCIS intends to deny your application" ("NOID") due to "a law enforcement encounter on or around November 12, 2024".  He was further requested to provide "CERTIFIED JUDGEMENT AND CONVICTION DOCUMENTS" and "MITIGATING FACTORS".

5. In response, on October 8, 2025, Plaintiff submitted the Criminal Docket Summary issued by the Trial Court of Massachusetts, which explicitly states that the allegations against him were dismissed prior to arraignment and that there was no conviction for any charge.  In fact, on November 13, 2024, all charges were dismissed by the Waltham District Court. As to mitigating factors, Plaintiff submitted a package of materials including letters of support from Boston University officials, professors and students, academic awards, and offers of employment.

6. On October 28, 2025, USCIS issued a Decision indicating that Petitioner's Form I-765 application was denied. It explained in its letter that Petitioner had not filed a response by the allotted time of 30-days (October 15, 2025). USCIS deemed the Petitioner's I-765 abandoned.

7. On October 30, 2025, Petitioner filed a Motion to Reopen, Form I-290B. In its Motion to Reopen, Petitioner requested expedited review. Petitioner's Expedited Request was determined to meet the minimum criteria.

8. The Motion to Reopen has been granted; however, there is still no decision from Defendants regarding his I-765 application.

9. The emergent situation surrounding Petitioner is that his offer of employment expires on March 16, 2026.

10. Absent a TRO, Petitioner faces irreparable harm, including the loss of his employment. The balance of hardships and the public interest favor a TRO the public is better served by the faithful execution of official duties by immigration officials. Conversely, the government would suffer no harm from the Petitioner's employment and/or continued presence in the United States as a taxpayer.

11. For these reasons, and as detailed in the supporting memorandum, Petitioner respectfully requests that the Court grant this motion.

## LEGAL MEMORANDUM

**I. LEGAL STANDARD**

The standard for a TRO is the same as for a preliminary injunction, *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

This Court has authority to issue a TRO under Federal Rule of Civil Procedure 65. *Fla. v. Mayorkas*, 672 F. Supp. 3d 1206, 1212 (N.D. Fla. 2023). To obtain a TRO, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *Keister v. Bell*, 879 F.3d 1282, 1287-88 (11th Cir. 2018).

Notably, "[t]he third and fourth factors merge when a party seeks an injunction against the government." *HM Fla.- ORL, LLC v. Gov. of Fla.*, 137 F.4th 1207, 1224 (11th Cir. 2025); *Nken v. Holder*, 556 U.S. 418, 435 (2009). Preliminary injunctive relief such as a TRO "is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983); *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

**II. ARGUMENT**

    **A. Petitioner is Likely to Succeed on the Merits.**

        *1. Petitioner is likely to succeed on the merits of his Complaint.*

Defendants are duty bound to provide the relief sought by Petitioner; in fact, students in F-1 status are routinely granted temporary work authorization after their degree program ends as part of the Optional Practical Training program, the very benefit for which Petitioner applies. It should be noted that Petitioner is not asking this Court to make a determination on eligibility; he is only asking this Court to order the Defendants to do that which they do routinely: make the determination.

**B. Petitioner Will Suffer Irreparable Harm Absent a Temporary Restraining Order.**

To satisfy the second requirement for preliminary injunctive relief, Petitioner must show he will otherwise suffer irreparable injury—that is, injury that "cannot be undone through monetary damages." *Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010). If Petitioner is unable to get a decision on his application before the job offer expires on March 16, 2026, he will suffer irreparable harm that cannot be remedied by monetary damages.

These harms cannot be adequately remedied through monetary compensation. Respondents may argue that Petitioner may use the Federal Tort Claims Act (FTCA), 28 U.S.C. Section 2680(h) to seek monetary relief.  However, sovereign immunity and the discretionary-function and international-tort exceptions would likely bar such a claim. *See, e.g., Douglas v. United States*, 796 F. Supp 2d 1354, 1367-69 (M.D. Fla. 2011). Equitable relief is better suited to address these harms.

**C. The Balance of Equities and Public Interest Tips Sharply in Petitioner's Favor.**

The final two factors for preliminary injunctive relief weigh heavily in Petitioner's favor. As detailed above, Petitioner faces hardship: the loss of an employment opportunity.  In contrast, the government would suffer no harm from making a decision on his application, something which it is required to do.  Ensuring that government agencies adhere to their statutory mandates promotes public confidence in the rule of law and the fair administration of justice. Accordingly, the balance of hardships and the public interest favor a temporary restraining order to ensure that Respondents refrain from removing Petitioner before the Court reaches a decision on his habeas petition.

**D. The Court Should Not Require a Security from Petitioner.**

Although Federal Rule of Civil Procedure 65(c) can require a security for a temporary restraining order, a district court has discretion as to the amount of security required, if any. *See Ajugwe v. Noem*, No. 8:25-CV-982-MSS-AEP, 2025 WL 1370212, at *10 (MD. Fla. May 12, 2025) (exercising "discretion to waive the bond requirement in Fed. R. Civ. P. 65(c)"). No security is appropriate where there is no quantifiable harm to the restrained party and where the order is in the public interest. *Save Our Sonoran, Inc v. Flowers*, 408 F.3d 1113, 1126 (9th Cir. 2005).

## III. CONCLUSION

For the foregoing reasons, Petitioner AMAN KUMAR respectfully requests that this Court enter a Temporary Restraining Order requiring that Defendants adjudicate his pending application for Optional Practical Training (Form I-765) no later than March 15, 2026.

Respectfully submitted this 6th day of March, 2026.

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2026, I electronically filed the foregoing MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION; SUPPORTING LEGAL MEMORANDUM with the Clerk of the Court using the CM/ECF system, and that in accordance with Fed. R. Civ. P. 5, all counsel of record shall be served electronically through such filing.

Dated: March 6, 2026                                Signed:

/s/Angela Alvero

Angela Alvero (SBN 864404)*
Angela@LegalAllen.com
Law Offices of Wilfredo O. Allen
2250 S.W. 3rd Ave., Ste. 301
Miami, FL  33129
Telephone: (305) 854-5955
*Counsel for Petitioner*
**Pro Hac Vice*

Kerry E. Doyle (Mass BBO 565648)
kdoyle@gands-us.com
Partner
Green and Spiegel-US
1524 Delancey Street, 4th Floor
Philadelphia, PA 19102
Tel: (617) 216-1248
Office Tel: (215) 395-8959
Fax: (215) 330-5311
*Counsel for Petitioner*